IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOBSITE STEEL MANUFACTURING, LLC, | ) ) ) | CASE NO.: 3:18-cv-00114 |
| | ) | Varlan/Guyton |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FRAMECO, INC., a/k/a FRAMECO FRAMING, INC., a/k/a METAL FRAMING INDUSTRIES, LLC and JOSHUA MENSINGER, | ) ) ) ) | |
| Defendants. | | |

## DEFENDANT JOSHUA MENSINGER'S ANSWER TO (SECOND) AMENDED COMPLAINT

Comes Defendant Joshua Mensinger ("Mr. Mensinger"), by and through his counsel, and Answers the second Amended Complaint filed on April 18, 2018 (Doc. 16) by Plaintiff Jobsite Steel Manufacturing, LLC ("Jobsite") as follows:

1. Upon information and belief, Mr. Mensinger admits that Plaintiff Jobsite is a Tennessee company with a principal office and place of business in Loudon County, Tennessee. Mr. Mensinger is without knowledge or information to admit or deny any other allegations contained in paragraph 1.

2. Upon information and belief, Mr. Mensinger admits that Defendant FrameCo is an Ohio company. Mr. Mensinger is without knowledge or information to admit or deny the remaining allegations in paragraph 2.

3. Mr. Mensinger admits the allegations in paragraph 3.

1

4. With regards to paragraph 4, Mr. Mensinger admits that he began working as an employee of Odom Construction Systems, LLC ("Odom") on January 4, 2016, and that on January 5, 2016, he signed the document titled "Confidentiality Agreement" that was attached as Exhibit A to Jobsite's Amended Complaint. Mr. Mensinger denies the remainder of paragraph 4 insofar as it implies or suggests that Exhibit A constitutes an executed and enforceable contractual agreement.

5. With regards to paragraph 5, Mr. Mensinger neither admits nor denies the allegations and responds only that the referenced document, attached as Exhibit A to Jobsite's Amended Complaint, speaks for itself, and Mr. Mensinger denies any allegations in paragraph 5 that are inconsistent with Exhibit A.

6. Mr. Mensinger denies the first two sentences of paragraph 6. Mr. Mensinger is without knowledge or information to admit or deny the remaining allegations in paragraph 6 except insofar as the referenced Exhibit B speaks for itself, including that Exhibit B, on its face, is not an agreement to which Jobsite Steel Manufacturing is a party; rather it is an agreement between Odom and the United Brotherhood of Carpenters and Joiners of America ("UBC"). Mr. Mensinger denies any allegations in paragraph 6 that are inconsistent with Exhibit B.

7. With regards to paragraph 7, Mr. Mensinger admits that as an employee of Odom and Jobsite, he had access to, reviewed, and obtained documents related to Odom and Jobsite. Mr. Mensinger denies the remaining allegations in paragraph 7.

8. Mr. Mensinger admits the allegations in paragraph 8.

9. Mr. Mensinger denies the allegations in paragraph 9 in that his employment with Jobsite ended July 17, 2017, not "early August of 2017." Mr. Mensinger admits that he is currently employed by FrameCo, an Ohio corporation, but is without knowledge or information

2

regarding whether the business of FrameCo is "substantially" similar to Odom and Jobsite. Mr. Mensinger neither admits nor denies the remaining allegations contained in paragraph 9 insofar as they state a legal conclusion to which no response is required.

10. Mr. Mensinger denies the first sentence of paragraph 10 and is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10.

11. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14. With regards to the first sentence of paragraph 14, upon information and belief, Mr. Mensinger admits that Charles Wright has worked for Odom and TDH but is without knowledge or information sufficient to admit or deny further allegations regarding Mr. Wright's employment history. With regards to the second sentence of paragraph 14, Mr. Mensinger admits only that he knew Mr. Wright through their mutual past employment.

15. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 except to say that the referenced document, attached as Exhibit C to the Amended Complaint, speaks for itself. Mr. Mensinger denies all allegations inconsistent with Exhibit C.

17. Mr. Mensinger denies the allegations in paragraph 17.

18. Mr. Mensinger denies the allegations in paragraph 18.

19. Mr. Mensinger denies the allegations in paragraph 19.

20. Mr. Mensinger is without knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21. Mr. Mensinger denies the allegations in paragraph 21.

22. With regards to paragraph 22, Mr. Mensinger admits that FrameCo has performed work related to the Regas Square Project but denies the remaining allegations of paragraph 22.

23. Paragraph 23 incorporates by reference previous allegations to which Mr. Mensinger has already responded and requires no further response.

24. Mr. Mensinger denies the allegations in paragraph 24.

25. Mr. Mensinger denies the allegations in paragraph 25.

26. With regards to paragraph 26, Mr. Mensinger admits only that he has filed a lawsuit against Odom related to unpaid commissions promised to him by Odom, which case is filed in Chancery Court for Knox County, Tennessee, not this Court. Mr. Mensinger denies all remaining allegations in paragraph 26.

27. Mr. Mensinger denies the allegations in paragraph 27.

28-30. In response to paragraphs 28-30, Mr. Mensinger responds that Plaintiff's Count II-Conspiracy claim is subject to a contemporaneously filed joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, thus, no response is required at this time.

31. Paragraph 31 incorporates by reference previous allegations to which Mr. Mensinger has already responded and requires no further response.

32. Mr. Mensinger denies the allegations in paragraph 32.

33. Mr. Mensinger denies the allegations in paragraph 33.

34. Mr. Mensinger denies the allegations in paragraph 34.

35. Mr. Mensinger denies the allegations in paragraph 35.

36-40. With regards to paragraphs 36-40, Mr. Mensinger responds that Plaintiff's Count IV-Respondeat Superior claim is subject to a contemporaneously filed joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, thus, no response is required at this time.

41-46. With regards to paragraphs 41-46, Mr. Mensinger responds that Plaintiff's Count VI-Breach of Confidentiality Agreement claim is subject to a contemporaneously filed joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, thus, no response is required at this time.

47. Paragraph 47 incorporates by reference previous allegations to which Mr. Mensinger has already responded and requires no further response.

48. Mr. Mensinger denies the allegations in paragraph 48.

49. Mr. Mensinger denies the allegations in paragraph 49.

50. Mr. Mensinger denies the allegations in paragraph 50.

51-55. With regards to paragraphs 51-55, Mr. Mensinger responds that Plaintiff's Count VII-Procurement of Breach of Contract claim is subject to a contemporaneously filed joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and, thus, no response is required at this time.

56. With regards to Plaintiff's prayer for relief, Mr. Mensinger denies that Plaintiff is entitled to any of the relief requested or any relief at all.

57. Subject to the Court's resolution of the pending Joint Motion to Dismiss Counts II, IV, V and VII of the Amended Complaint, Mr. Mensinger denies each and every allegation contained in the Amended Complaint not already specifically admitted or denied.

# ADDITIONAL DEFENSES

In further Answer to the Amended Complaint filed April 18, 2018, and without admitting any liability whatsoever, Mr. Mensinger asserts the following additional defenses:

1. Plaintiff's Amended Complaint fails to state claims upon which relief can be granted and therefore should be dismissed.

2. Mr. Mensinger has at all times in his dealings on behalf of his employers acted in good faith, without bad faith or any improper or unlawful motive.

3. All or some of Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, and/or estoppel.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

5. Any potential business relationship between Plaintiff Jobsite and TDH was lost due to the actions of Jobsite or another, not due to any actions of Mr. Mensinger or his employer.

6. The "Confidentiality Agreement" referenced and discussed by Plaintiff does not constitute an enforceable contract of any kind.

7. Even if a contract did exist, Mr. Mensinger did not breach it.

8. Even if a contract did exist, Plaintiff was not a party or third-party beneficiary to any contract that entitles it to relief in this case.

9. Mr. Mensinger took no unlawful action and had no unlawful purpose that could form the basis for any claim of conspiracy.

10. With regards to any actions Mr. Mensinger engaged in while employed at FrameCo, he was acting in the course and scope of his employment and cannot be considered a

6

separate actor from his employer to permit a claim of conspiracy between Mr. Mensinger and FrameCo.

11. The provisions of Tenn. Code Ann. §47-24-1701 *et seq*. do not apply because at no time did Mr. Mensinger misappropriate any information that he received from Plaintiff Jobsite or third-party Odom, nor did Mr. Mensinger improperly disclose any information that constitutes a "trade secret."

12. Plaintiff Jobsite has suffered no damages as a result of any conduct on the part of Mr. Mensinger or his employer.

13. Plaintiff Jobsite is otherwise unable to prove, in whole, the required elements of the claims it asserts, and therefore, the claims should be dismissed, in whole or in part.

14. Defendants' right to engage in ordinary business competition bars Plaintiff's claims, in whole or in part.

15. Plaintiff Jobsite's claims are without merit and were filed in retaliation for Mr. Mensinger pursuing his own lawful and meritorious claims against Odom and/or in retaliation for Mr. Mensinger and FrameCo engaging in lawful business competition.

16. Plaintiff Jobsite's claims are frivolous, unreasonable, and groundless, and Defendants are entitled to attorneys' fees and other costs associated with the defense of these claims.

17. Defendants may be entitled to recover attorneys' fees pursuant to TCA § 47-25-1705(1) because Plaintiff's claim for misappropriation of trade secrets is made in bad faith.

18. Mr. Mensinger reserves the right to amend this Answer pursuant to the Tennessee Rules of Civil Procedure and to add additional defenses as discovery and evidence justify.

WHEREFORE Defendant Joshua Mensinger hereby requests that this Honorable Court deny Plaintiff Jobsite any relief; dismiss the Amended Complaint with prejudice; tax all costs to Plaintiff Jobsite; and award Defendant Mensinger his reasonable costs and attorneys' fees and award any additional relief to which Defendant Mensinger may be entitled and which justice may require.

Respectfully submitted,

*s/ Maha Ayesh*
Jennifer Morton
Maha M. Ayesh
**Jennifer Morton Law, PLLC**
8217 Pickens Gap Road
Knoxville, TN 37920
865) 579-0708
(865) 579-0787 fax
jen@jmortonlaw.com
maha@jmortonlaw.com

*Attorneys for Defendant Joshua Mensinger*

## CERTIFICATE OF SERVICE

I certify that on May 2, 2018, a copy of the foregoing Defendant Joshua Mensinger's Answer to Amended Complaint was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system

*s/Maha Ayesh*