UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOBSITE STEEL MANUFACTURING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:18-cv-00114-TAV-HBG |
| | ) |
| FRAMECO, INC, | ) |
| a/k/a FRAMECO FRAMING, INC, | ) |
| a/k/a METAL FRAMING INDUSTRIES, LLC, | ) |
| and JOSHUA MENSINGER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil case is before the Court on defendants FrameCo, Inc. and Josh Mensinger's Motion to Dismiss [Doc. 21] Counts II, IV, V, and VII of plaintiff Jobsite's Amended Complaint [Doc. 16] for failure to state claims upon which relief can be granted pursuant to the Federal Rule of Civil Procedure 12(b)(6). The parties have filed their respective memorandums of support, opposition, and a reply [Docs. 22, 26, 27]. For the reasons discussed herein, the Court grants defendants' Motion to Dismiss in regard to Count II of plaintiff's amended complaint and denies defendants' Motion to Dismiss in regards to Counts IV, V, and VII of plaintiff's amended complaint.

**I.     Background**

Defendant Joshua Mensinger began working for Odom Construction Systems, LLC ("Odom") on January 4, 2016, and the next day signed an alleged Confidentiality Agreement [Doc. 16, Ex. A] stating Mensinger understood he had a continuing obligation

to keep certain information confidential [*Id.* at 2; *id.* Ex. A]. The portion of the alleged agreement pertinent here is the part referring to financial information such as "reports including job cost reports or any information that reveal the financial status of the company," and the part concerning the development of a "panel and truss system" [*Id.* Ex. A]. Plaintiff contends they are a third-party beneficiary of the alleged agreement because plaintiff and Odom worked on the panel and truss system jointly and at some point plaintiff acquired a security interest in Odom [*Id.* at 2].

Defendant Mensinger continued to be employed by Odom until he resigned in April 2017 and began to work for plaintiff [*Id.* at 3]. While Mensinger was employed with plaintiff, plaintiff and Odom submitted bids for the Regas Square Project in Knoxville, Tennessee; sometime thereafter, Mensinger left plaintiff and began working for defendant FrameCo during August 2017 [*Id.*]. Not long after Mensinger's departure, plaintiff and Odom learned that defendant FrameCo was likely to win the bid for the Regas Square Project.

Plaintiff contends that after Mensinger joined FrameCo he "intentionally interfered with the business relations of [plaintiff] and Odom . . . and intentionally" breached the alleged confidentiality agreement by using information obtained while employed with plaintiff concerning their bid on the Regas Square Project in Knoxville, Tennessee, to secure and steal the project for defendant FrameCo out from under plaintiff and Odom [*Id.* at 5]. This contention led plaintiff to file a seven count amended complaint against defendants Mensinger and FrameCo: Count I for interference with

business relations; Count II conspiracy; Count III illegal use of trade secrets; Count IV liability based on respondeat superior; Count V breach of confidentiality agreement; Count VI unjust enrichment; and Count VII procurement of breach of contract [*Id.* at 6–10].

In response to the amended complaint, defendants filed a joint Motion to Dismiss Counts II, IV, V, and VII for failure to state claims upon which relief can be granted [Doc. 21]. Defendants contend that Counts V (breach of confidentiality agreement) and VII (procurement of breach of contract) should be dismissed because "an enforceable contract to which [plaintiff] was a party or even a third-party beneficiary did not exist" [Doc. 22 p. 3]. Defendants contend that Count II for conspiracy should be dismissed because the defendants are not considered to be separate entities [*Id.* at 9]. Lastly, defendants contend that Count IV for respondeat superior should be dismissed because it is not a stand-alone cause of action but rather a theory or doctrine to support a cause of action [*Id.* at 10].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint needs only a "short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds'" of his relief

"requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Analysis

In its amended complaint, plaintiff raises the following claims: Count I interference with business relations, Count II conspiracy, Count III illegal use of trade secrets, Count IV liability based on respondeat superior, Count V breach of confidentiality agreement, Count VI unjust enrichment, and Count VII procurement of breach of contract [Doc. 16 pp. 6–10]. In their joint motion to dismiss, defendants move this Court to dismiss Counts II, IV, V, and VII [Doc. 21]. The Court will review these claims in that order.

#### A. Count II—Conspiracy

Plaintiff alleges that defendant Mensinger conspired with defendant Frameco, and defendant FrameCo conspired with defendant Mensinger, "to deprive [plaintiff] of its expected business relationship with TDH and to work on the Regas Square Project in

Knoxville, Tennessee" [Doc. 16 p. 7].  Defendants move to dismiss this claim on the ground that plaintiff has not alleged sufficient facts to establish an actionable civil conspiracy claim [Doc. 22 p. 9].

Under Tennessee law, an actionable civil conspiracy is "a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose by unlawful means, which result in damage to the plaintiff." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002). However, "where the alleged co-conspirator is an agent or employee of the same corporate entity . . . Tennessee recognizes the 'intracorporate conspiracy immunity doctrine.'" *Shipwash v. United Airlines, Inc.*, 28 F. Supp. 3d 740, 749 (E.D. Tenn. 2014) (citing *Trau-Med*, 71 S.W.3d at 703). Under this doctrine, "there can be no actionable claim of conspiracy where the conspiratorial conduct alleged is essentially a single act by a single corporation acting through its [employees]," who are "*acting within the scope of their employment.*" *Trau-Med*, 71 S.W.3d at 703–04 (emphasis in original).

Thus, in order to have an actionable claim for intracorporate civil conspiracy, the plaintiff needs to allege facts showing either the employee acted outside the scope of his or her employment, or that the corporation acted in concert with some third party. *See Shipwash*, 28 F. Supp. 3d at 749–50. Here, plaintiff alleges that defendant Mensinger's actions "are imputed to FrameCo since he was acting as FrameCo's employee and for the benefit of FrameCo" [Doc. 16 p. 3]. Although plaintiff alleges that defendant Mensinger's actions were taken due to his "ill-will" for plaintiff and Odom, plaintiff does

5

not allege facts to show that defendant Mensinger was acting outside the scope of his employment or that defendant FrameCo as a single entity conspired with a third party. Therefore, the Court will grant defendants' Motion to Dismiss Count II because plaintiff's amended complaint does not set forth sufficient facts to show entitlement to relief on that claim.

### B. Count IV—Respondeat Superior

Next, Count IV of plaintiff's amended complaint alleges a claim for respondeat superior against defendant FrameCo for the actions taken by its employee, defendant Mensinger [Doc. 16]. Defendants move to dismiss this count on the ground that respondeat superior is not an "actual cause of action upon which relief can be based" [Doc. 22]. Respondeat superior is a doctrine used to hold employers vicariously liable for the torts of their employees while acting within the scope of their employment. *See, e.g.*, *Willis v. Settle*, 162 S.W.3d 169, 182–83 (Tenn. Ct. App. 2004) (explaining law of respondeat superior in Tennessee).

While true that respondeat superior is not a standalone cause of action, it is often alleged in complaints by plaintiffs to clarify the different theories of liability the plaintiff is pleading and trying to establish. *See Stewart v. Deutsch Bank Nat'l Trust Co.*, No. 3:08-CV-475, 2010 U.S. Dist. LEXIS 108774, at *25 n.3 (E.D. Tenn. Oct. 12, 2010). From the amended complaint, it is clear that plaintiff was clarifying that it is proceeding under the theory of respondeat superior as an alternative theory of liability [Doc. 16 p. 8]. Therefore, the Court will deny defendants' joint motion to dismiss Count IV of the

amended complaint. The Court notes, however, that it will not consider respondeat superior as an independent claim, and that defendants may seek to preclude this theory of liability at the summary judgment stage.

### C. Count V—Breach of Confidentiality Agreement

In Count V of the amended complaint, plaintiff alleges defendant Mensinger breached the confidentiality agreement he signed with Odom by using confidential information, such as financial information obtained while employed with Odom and plaintiff, in assisting defendant FrameCo in winning the Regas Square Project [Doc. 16 p. 9]. In doing so, plaintiff contends it is an intended third-party beneficiary of the alleged agreement because of the reference to the "panel and truss system" plaintiff and Odom co-developed and because at some point plaintiff acquired a security interest in Odom [*Id.* at 9; *id.* Ex. B]. Defendants move to dismiss this count for failure to state a claim upon which relief can be granted, alleging (1) the agreement is not an enforceable contract in that it lacks adequate consideration, and (2) plaintiff cannot establish third party beneficiary status as they were not mentioned in the agreement nor were they intended to be a third party beneficiary [Doc. 22 p. 4].

Under Tennessee law, for a breach of contract claim to survive a 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts in the complaint to show "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *C&W Asset Acquisition,*

*LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citations omitted). It is defendants' position that plaintiff failed to plead sufficient facts to show the confidentiality agreement contained adequate consideration to be an enforceable contract [Doc. 22 p. 8]. However, plaintiff has alleged sufficient facts to show adequate consideration existed for this stage in the litigation by alleging that the signing of the agreement was a condition of employment with Odom. A reasonable inference can be drawn from plaintiff's complaint, as they allege, that defendant Mensinger signed the confidentiality agreement the day after his employment began for his employment with Odom [Doc. 16 p. 2]. Thus, the Court will not grant defendants' Motion to Dismiss on the grounds that plaintiff did not allege facts sufficient to show adequate consideration with regard to the alleged confidentiality agreement.

Next, defendants contend that plaintiff did not allege sufficient facts to establish themselves as a third party beneficiary of the alleged confidentiality agreement [Doc. 22 p. 4]. Under Tennessee law, "the third party bears the burden of proving, from the terms of the contract or the circumstances surrounding its execution, that, at the time of contracting, [plaintiff] was an intended third-party beneficiary of the contract." *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 899 (Tenn. 2016) (emphasis omitted); *see also West v. Shelby Cnty. Health Corp.*, 459 S.W.3d 33 (Tenn. 2014); *Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc.*, 59 S.W.3d 63 (Tenn. 2001). In order to prove plaintiff was an intended third party, it must allege sufficient facts in the complaint to show:

8

> (1) The parties to the contract have not otherwise agreed; (2) recognition of a right to performance in the [third party] is appropriate to effectuate the intention of the parties; and (3) the terms of the contract or the circumstances surrounding performance indicate that either: (a) the performance of the promise will satisfy an obligation or discharge a duty owed by the promise to the [third party]; or (b) the promise intends to give the [third party] the benefit of the promised performance.

*Owner-Operator*, 59 S.W.3d at 70.

In plaintiff's amended complaint, plaintiff alleges it is a third party beneficiary of the agreement because it has a security interest in Odom and all of its assets which include confidentiality agreements and other contracts [Doc. 16 p. 2; *id.* Ex. B]. Defendants dispute this claim because they allege plaintiff did not acquire a security interest in Odom until two years after Mensinger signed the agreement [Doc. 22 p. 6]. Because there is a dispute over when plaintiff acquired a security interest in Odom, the Court concludes plaintiff's allegation that they acquired the security interest before defendant Mensinger signed the agreement is sufficient to survive defendants' Motion to Dismiss. In plaintiff's amended complaint, they attached documents purporting to show their security interest in Odom [Doc. 16, Ex. B]. Furthermore, plaintiff alleges that they were co-developing the panel and truss system with Odom, which is implicated in the confidentiality agreement [*Id.* at 2]. Based on these assertions in the amended complaint, plaintiff has alleged sufficient facts, taken as true, to show entitlement to recover as a third party beneficiary of the alleged agreement. Therefore, the Court will deny defendants' joint Motion to Dismiss Count V of plaintiff's amended complaint.

### D. Count VII—Procurement of Breach of Contract

Lastly, the defendants move to dismiss Count VII of plaintiff's amended complaint for failure to state a claim upon which relief can be granted. For a claim of procurement of breach of contract to survive a 12(b)(6) motion to dismiss, the plaintiff must allege sufficient facts in the complaint to show: (1) the existence of an enforceable contract; (2) the defendant must have knowledge of the existence of the contract; (3) there must have been an intention to induce its breach; (4) the defendant must have acted maliciously; (5) there must be breach of the contract; (6) the acts complained of must be the proximate cause of the breach of contract; and (7) there must have been damages resulting from the breach of contract. *Bristol Preservation, LLC v. IGC-Bristol, LLC*, No. 2:16-CV-360, 2017 LEXIS 97937, at *17–18 (E.D. Tenn. June 26, 2017).

In their Motion to Dismiss, defendants contend this claim should be dismissed because plaintiff has not pled sufficient facts to establish the existence of an enforceable contract or that plaintiff is an intended third-party beneficiary the alleged agreement [Doc. 22 p. 3]. However, for the same reasons stated above in regard to plaintiff's breach of contract claim, the Court finds plaintiff adequately pled this claim with sufficient facts, taken as true, to show entitlement to relief. Therefore, the Court will deny defendants' Motion to Dismiss Count VII of plaintiff's amended complaint.

## IV. Conclusion

For the reasons stated herein, the Court **GRANTS in part and DENIES in part** defendants' Motion to Dismiss [Doc. 21], in that defendants' Motion to Dismiss Count II is **GRANTED,** and defendants' Motion to Dismiss Counts IV, V, and VII is **DENIED**.

ENTER:

                                                  s/ Thomas A. Varlan
                                                  CHIEF UNITED STATES DISTRICT JUDGE