UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOBSITE STEEL MANUFACTURING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-114-DCLC-HBG |
| | ) | *Lead Case Consolidated with* |
| FRAMECO, INC., a/k/a FRAMECO | ) | |
| FRAMING, INC., a/k/a METAL FRAMING | ) | |
| INDUSTRIES, LLC, and | ) | |
| JOSHUA MENSINGER, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ODOM CONSTRUCTION SERVICES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-116-DCLC-HBG |
| | ) | |
| FRAMECO, INC., a/k/a FRAMECO | ) | |
| FRAMING, INC., a/k/a METAL FRAMING | ) | |
| INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel for Defendant FrameCo, Inc. [Doc. 73], filed by Baker & Hostetler, LLP and Hodges, Doughty & Carson, PLLC ("Movants").[1] Specifically, Movants request that they be permitted to withdraw from representing Defendant

---

[1] The Court notes that the Motion to Withdraw was also filed in *Odom Construction Services v. FrameCo*, No. 3:18-cv-116 as [Doc. 60].

FrameCo, Inc. ("FrameCo") for nonpayment of fees. In addition, Movants request to withdraw because FrameCo has acted contrary to the spirit of the attorney-client relationship by engaging in settlement negotiations with Plaintiffs in both actions and executing a settlement agreement with Plaintiff Odom Construction Systems, LLC, without notifying Movants or offering Movants the opportunity to provide advice regarding the settlement agreement, strategy, negotiations, or settlement terms. Movants state that they provided FrameCo with a copy of the instant Motion fourteen (14) days prior to filing it.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

Further, the Local Rules provide, "If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." E.D. Tenn. L.R. 83.4(g).

The Court finds that Movants' Motion complies with the Rules of this Court.  Specifically, Movants provided a copy of the Motion to FrameCo at least fourteen (14) days prior to filing and Movants submitted FrameCo's contact information in their Motion.  Further, the Court finds that extraordinary circumstances warrant Movants' withdrawal.  FrameCo engaged in settlement negotiations with Plaintiffs in both actions and executed settlement agreements with Plaintiff Odom Construction Systems, LLC, without notifying Movants or offering Movants the opportunity to provide advice regarding the settlement agreements, strategy, negotiations or settlement terms.  Given such actions, the Court finds the Motion well taken.  Accordingly, the Motion to Withdraw [**Doc. 73**] is hereby **GRANTED**.  The Court expects Movants to provide copies of any relevant documents to any future counsel for FrameCo or directly to FrameCo upon request.  The law firms of Baker & Hostetler LLP and Hodges Doughty & Carson, and specifically David A. Posner, Dustin M. Dow, and Oliver Adams, are hereby **RELIEVED** as their duties as counsel in these cases.

FrameCo is hereby **ADMONISHED** that it is **DEEMED** to be proceeding pro se.  The Court highly recommends that FrameCo find substitute counsel in this case as failure to do so could result in entry of default and/or default judgment against it.  *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.");  *GCIU-Employer Ret. Fund v. Amerigraph, LLC*, No. 2:06-CV-1072, 2008 WL 762082, at *1 (S.D. Ohio Mar. 20, 2008) (granting plaintiff's motion for default judgment against a corporate defendant after defendant's counsel withdrew and defendant failed to obtain substitute counsel).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to FrameCo at the address provided in the Motion to Withdraw and to update ECF accordingly.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge